# EXHIBIT A

 CT Corporation

# Service of Process Transmittal
09/21/2017
CT Log Number 531972373

**TO:** Ronald Odom
WellPoint,Inc
21555 Oxnard St
Woodland Hills, CA 91367-4943

**RE:** Process Served in California

**FOR:** Anthem Blue Cross Life and Health Insurance Company  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ADVANCED ORTHOPEDICS AND SPORTS MEDICINE INSTITUTE, Pltfs. vs. ANTHEM BLUE CROSS BLUE SHIELD, et al., Dfts. // To: ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Statement(s), Notice |
| **COURT/AGENCY:** | MONMOUTH COUNTY - SUPERIOR COURT, NJ<br>Case # MONL323817 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/21/2017 at 14:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days after receipt, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Aaron A. Mitchell<br>Cohen & Howard, LLP<br>766 Shrewsbury Avenue, Suite 301<br>Tinton Fall, NJ 07724<br>732-747-5202 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/22/2017, Expected Purge Date: 09/27/2017<br><br>Image SOP<br><br>Email Notification,  Susan D'Agostino  Sue.D'Agostino@anthem.com<br><br>Email Notification,  Taysa Cashen  taysa.cashen@wellpoint.com<br><br>Email Notification,  Ronald Odom  Ronald.Odom@wellpoint.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SEP 2 1 2017

2" 15P,

## SUMMONS

| | |
|---|---|
| Attorney(s) | Aaron A. Mitchell, Esquire |
| Office Address | Law Offices of Cohen and Howard, LLP |
| | 766 Shrewsbury Avenue, Suite 301 |
| Town, State, Zip Code | Tinton Falls, New Jersey 07102 |
| Telephone Number | (732) 747-5202 |
| Attorney(s) for Plaintiff | |

Advanced Orthopedics and Sports Medicine Institute

Plaintiff(s)

Vs.
Anthem Blue Cross Blue Shield, Anthem Blue Cross Life and

Health Insurance Company, as administrators, Live Nation

Defendant(s)

## Superior Court of New Jersey

| | |
|---|---|
| Monmouth | COUNTY |
| Law | DIVISION |

Docket No: MON-L-3238-17

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

S/Michelle M Smith
Clerk of the Superior Court

DATED: 09/19/2017

Name of Defendant to Be Served: Anthem Blue Cross Life and Health Insurance Company

Address of Defendant to Be Served: c/o CT Corporation System, 818 W. 7th St., Los Angeles, CA 90017

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Cohen & Howard, LLP
Aaron A. Mitchell, Esquire (I.D. #039782008)
766 Shrewsbury Avenue, Suite 301
Tinton Fall, New Jersey 07724
Attorneys for Plaintiffs
(732)-747-5202
(732) 747-5259 (Fax)



FILED
AUG 28 2017
MONMOUTH VICINAGE
CIVIL DIVISION  226

|  |  |
|---|---|
| ADVANCED ORTHOPEDICS AND SPORTS MEDICINE INSTITUTE,<br><br>Plaintiffs<br><br>-VS-<br><br>ANTHEM BLUE CROSS BLUE SHIELD, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, ADMINISTRATORS, LIVE NATION ENTERTAINMENT, INC., JOHN AND JANE DOE 1-10 AND ABC CORPORATIONS 1-10,<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.: L-3238-17<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Advanced Orthopedics and Sports Medicine Institute, by way and through its attorneys, Cohen & Howard, LLP and as and for its Complaint against defendants, Anthem Blue Cross Blue Shield, Anthem Blue Cross Life and Health Insurance Company, Live Nation Entertainment, Inc., and John and Jane Does 1-10 and ABC Corporations 1-10, says:

### THE PARTIES

1. Plaintiff, Advanced Orthopedics and Sports Medicine Institute (hereinafter referred to as "AOSMI") with a business address of 301 Professional View Drive in the Township of Freehold, County of Monmouth, and State of New Jersey, is now and was at all times relevant to this action, a company organized and operating under the Law of the State of New Jersey, providing healthcare services.

2. Upon information and belief, at all relevant times, defendant, Life Nation Entertainment, Inc. (hereinafter referred to as "Life Nation") was a corporation whose headquarters are located at 9348 Civic Center Drive, Beverly Hills, California, which conducted and continues to conduct significant business in the State of New Jersey and acted as plan sponsor and/or administrator for Life Nation's employee health welfare plan.

3. Upon information and belief, at all relevant times, defendant, Anthem Blue Cross Blue Shield, (hereinafter referred to as "BCBS"), was a corporation whose headquarters are located at 120 Monument Circle, Indianapolis, Indiana, which conducted and continues to conduct significant business in the State of New Jersey.

4. Upon information and belief, at all relevant times, defendant, Anthem Blue Cross Life and Health Insurance Company, (hereinafter referred to as "Anthem Life"), was a corporation whose headquarters are located at 120 Monument Circle, Indianapolis, Indiana, which conducted and continues to conduct significant business in the State of New Jersey.

5. Upon information and belief, at all relevant times, defendants, BCBS and Anthem Life acted as the plan administrator and/or claims administrator for the defendant, Life Nation.

6. At all times relevant, upon information and belief, fictitious defendants, John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff's office is located in Monmouth County, New Jersey and all medical services which are the subject matter of this action were rendered in Monmouth County, New Jersey.

8. Patient, "MS" (herein identified only by his BCBS Identification Number

-2-

LVX156A23177) at all relevant times, lived in the County of Monmouth, State of New Jersey.

9. At all times relevant, upon information and belief, defendant, Life Nation employed the patient's spouse, "MS" and sponsored the patient, "MS's health benefits.

10. Plaintiffs are proceeding on its own individual claims concerning medical services provided to the patient, "MS".

11. This matter is properly venued in State Court. None of plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act ("ERISA"). See, Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F. 3d 393, 403-4 (3d Cir. 2004). (medical provider's claims not preempted by ERISA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

12. The amount in controversy is in excess of $90,000.00.

13. For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

### FACTUAL BACKGROUND

14. This dispute arises out of the defendants' refusal to pay plaintiff the money to which plaintiff is entitled for providing necessary medical services to patient, "MS".

15. At all relevant times, plaintiff was non-participating or out-of-network providers that rendered medically necessary surgery to patient, "MS".

16. At all relevant times, patient, "MS" received health benefits through his spouse, "MS", who was employed by Life Nation, which is a self-insured plan administered by

-3-

defendants acting as authorized agent for principal defendant, Life Nation.

17. The patient, "MS" had previously been diagnosed with a significant L5-S1 disc herniation. On April 28, 2015, the patient, "MS" was admitted to the emergency room experiencing complications with severe lumbar spine pain. The plaintiff, Grigory Goldberg, M.D. was the on-call specialist for the emergency department and concluded that the patient, "MS" was developing cauda equine syndrome, which is a serious condition and a medical emergency requiring urgent surgical intervention.

18. The plaintiffs provided emergency medical services to the patient, "MS" performed on April 29, 2015 namely lumbar spinal surgery consisting of a L5 laminectomy, S1 laminectomy and left L5-S1 discectomy requiring a two-day in-patient stay.

19. Primary surgery on April 29, 2015 was performed by Grigory Goldberg, M.D., who is a Fellowship Trained Orthopedic Surgeon specializing in spine surgery, employed and/or contracted by plaintiff.

20. Dr. Goldberg was assisted on April 29, 2015 by Timothy Dowse, P.A., employed and/or contracted by plaintiff.

21. Plaintiff billed defendants for the primary surgeon charges a total of $62,630.00.

22. Plaintiff billed defendants for the assistant P.A. charges a total of $31,315.00.

23. The hospital, as part of the normal business practice, obtained authorization for the admission of the patient, "MS" through the emergency room department. This authorization is also applicable to all physicians, including the plaintiffs, Grigory Goldberg, M.D. and Timothy Dowse, P.A.

24. The total billed charges of $93,945.00 for this medically necessary surgery represents normal and reasonable charges for the complex procedures performed by a Fellowship Trained Orthopedic Surgeon with special expertise in spine surgery practicing in New Jersey.

25. Defendants paid a total of $2,586.64 for the surgery performed toward these reasonable charges, leaving the patient with a balance due on these bills of more than $91,000.00.

26. The amounts paid to plaintiff by defendants represent gross underpayments and does not comport in any way with usual, customary, or reasonable payments for the type of service rendered by a provider with the skill, experience and training of the doctor provided by plaintiff in this geographical area.

28. While defendants were aware that plaintiff was an out-of-network provider, defendants never disclosed that payments made for the procedures would be denied in full or paid far below the usual and customary rates for these services. To the contrary, defendants induced plaintiff to provide the medical services with the explicit knowledge that it never intended to pay the amounts it was obligated to pay.

## FIRST COUNT
### (Breach of Contract)

29. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "28" of this Complaint with the same force and effect as if fully set forth herein at length.

30. Plaintiff hereby alleges that an implied in-fact contract has been created through defendants' course of conduct and interaction with plaintiff.

31. By authorizing the surgery, defendants agreed to pay the usual and customary rates for the medical services provided by the plaintiff and plaintiff performed said services based upon those terms.

32. This implied contract indicated that plaintiff would be paid by defendants a fair and reasonable amount for the highly-skilled services provided by the plaintiff.

33. However, plaintiff was paid only a fraction -- $2,586.64 -- of the usual, customary and reasonable amount -- $93,945.00 -- for the highly-skilled services provided to patient, "MS".

34. Plaintiff has suffered significant damages as a result of defendants' actions.

35. As a direct result of defendants' breaches of the contract, plaintiff has been damaged in an amount to be determined at trial, but not less than $91,358.36, plus interest, costs, and attorneys' fees.

## SECOND COUNT
(Promissory Estoppel)

36. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "35" of this Complaint with the same force and effect as if fully set forth herein at length.

37. By providing a pre-surgery authorization to plaintiff, defendants promised that plaintiff would be paid for its services at the usual, customary and reasonable rate.

38. Plaintiff relied upon this promise to its detriment by spending valuable, time, resources and energy in providing medical services to patient, "MS".

39. Plaintiff has suffered significant damages as a result of defendants' actions.

40. As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable, and fair value for the services plaintiff provided at the behest of defendants, plaintiff has been damaged in an amount to be determined at trial, but not less than $91,358.36, plus interest, costs, and attorneys' fees.

### THIRD COUNT
### (Account Stated)

41. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "40" of this Complaint with the same force and effect as if fully set forth herein at length.

42. After providing the medical services, which were authorized by defendants, plaintiff submitted bills and requests for payment to defendants in the sum total of $93,945.00.

43. To date, defendants, having acknowledged receipt of the bills, have paid a small portion, $2,586.64, of the invoices, but have not objected, in any manner to the billed amounts, including, but not limited to, the amount billed or to the services provided.

44. Plaintiff has suffered significant damages as a result of defendants' action.

45. As a direct result of defendants' refusal to pay plaintiff for the medical services provided and billed to defendants, who acknowledged receipt without objection, plaintiff has been damaged in an amount to be determined at trial, but not less than $91,358.36, plus interest, costs, and attorneys' fees.

### FOURTH COUNT
### (Fraudulent Inducement)

46. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "45" of this Complaint with the same force and effect as if fully set forth

herein at length.

47. By providing a pre-surgery authorization to plaintiff, defendants induced plaintiff to provide the medical services requested by patient, MS".

48. Inherent in the authorization was the promise to pay plaintiff the usual, customary, reasonable, and fair value for the services provided.

49. Relying upon this promise to pay by defendants, plaintiff provided the necessary medical services requested by plaintiff, "MS".

50. Unbeknownst to plaintiff, defendant never intended to pay the plaintiff usual, customary, reasonable, and fair value for the medical services provided, instead inducing plaintiff to provide the medical services with the intent to pay plaintiff only 2.8% of the usual, customary, reasonable, and fair value of the medical services provided, plaintiff would have elected not to provide the services.

51. Plaintiff has suffered significant damages as a result of defendants' actions.

52. As a direct result of defendants' refusal to pay plaintiff the usual, customary, reasonable, and fair value for the services plaintiff provided at the behest of defendants, plaintiff has been damaged in amount to be determined at trial, but not less than $91,358.36, plus interest, costs, and attorneys' fees, along with punitive damages in the sum of $100,000.00.

### FIFTH COUNT

#### (Violation of New Jersey Regulations Governing Payment for Emergency Services Rendered by an Out-of-Network Provider)

53. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "52" of this Complaint with the same force and effect as if fully set forth herein at length.

-8-

54. New Jersey's health insurance regulations require that, when a privately-insured patient seeks emergency services, an out-of-network provider must be paid an amount sufficient to ensure that the patient is not balance-billed – charged for the insurer reimbursed amount and the provider's billed charges. This mandate related to emergency services applies even if it means that the insurer must pay the provider its actual billed charges, less copayments, coinsurance, and deductibles that would have applied had the patient been be treated by an in-network provider.

55. Plaintiff has a private right of action, be it express or implied, to recover its damages pursuant to the regulations.

56 Defendants are obligated to pay plaintiff the entirety of plaintiff's usual, customary, and reasonable fees, less the patient's applicable co-pay, coinsurance or deductible, pursuant to N.J.A.C. 11:22-5.8, 11:24-5.3; 11:24-5.1, and 11:24-9.1(d).

57. In direct contravention of these regulations, defendant has failed and/or refused to properly pay plaintiff pursuant to the New Jersey healthcare regulations and a significant portion of plaintiff's bills remain unpaid, though properly due and owing, for the emergency services provided.

58. As a direct result of defendants' violations of the above-referenced health insurance regulations, plaintiff has been damaged in an amount to be determined at trial, but not less than $91,358.36, plus interest, costs, and attorney's fees.

WHEREFORE, plaintiff respectfully demands judgment against defendants:

1. As and for its First cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $91,358.36, along with its reasonable attorneys' fees,

interest, costs and expenses; and

    2. As and for its Second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $91,358.36, along with its reasonable attorneys' fees, interest, costs and expenses; and

    3. As and for its Third cause of action for an account stated, in an amount to be determined at trial, but not less than $91,358.36, along with its reasonable attorneys' fees, interest, costs and expenses; and

    4. As and for its Fourth cause of action for fraudulent inducement in an amount to be determined at trial, but not less than $91,358.36, along with its reasonable attorneys' fees, interest, costs and expenses, and with punitive damages in the sum of $100,000.00; and

    5. As and for its Fifth cause of action for violation of New Jersey Regulations Governing Payment for Emergency Services Rendered by an Out-of-Network Provider, in an amount to be determined at trial, but not less than $91,358.36, along with its reasonable attorneys' fees, interest, costs and expenses; and

    6. Along with such other and further relief to plaintiff as this Court deems just, fair, and proper.

## JURY DEMAND

Pursuant to R. 4:35-1, plaintiff hereby demands a trial by jury as to all counts.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Aaron A. Mitchell, Esquire is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims

-10-

arising from medical services provided from plaintiff to the patient. No such action or arbitration proceeding is contemplated by plaintiff at this time.

LAW OFFICES OF COHEN & HOWARD, L.L.P.
Attorney for Plaintiff

BY: _____
Aaron A. Mitchell, Esquire

Dated: August 23, 2017

<u>**Appendix XII-B1**</u>

| | CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | • FOR USE BY CLERK'S OFFICE ONLY PAYMENT TYPE: ☐ CK ☐ CG ☐ CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |
|---|---|---|

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Aaron A. Mitchell, Esquire | (732) 747-5202 | Monmouth |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Cohen and Howard, LLP | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 766 Shrewsbury Avenue Suite 301 Tinton Falls, New Jersey 07724 | COMPLAINT |
| | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Advanced Orthopedics and Sports Medicine Institute | Advanced Orthopedics and Sports Medicine Institute vs. Anthem Blue Cross Blue Shield, Anthem Blue Cross Life and Health Insurance Company, Live Nation Entertainment, et als |

| CASE TYPE NUMBER (See reverse side for listing) 599 | HURRICANE SANDY RELATED? ☐ YES ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|

| RELATED CASES PENDING? ☐ YES ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _(signature)_

Effective 06/05/2017, CN 10517          page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr.V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category ☐ Putative Class Action ☐ Title 59

```
MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD         NJ 07728
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:    SEPTEMBER 08, 2017
                         RE:      ADVANCED ORTHOPEDICS AND SPORTS VS ANTHEM BCBS ETA
                         DOCKET:  MON L -003238 17

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMIE S. PERRI

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 677-4262 EXT 4262.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                     ATT: AARON A. MITCHELL
                                     COHEN & HOWARD, LLP
                                     766 SHREWSBURY AVE STE 302
                                     LITTLE SILVER    NJ 07739

JUMMK1
```