UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADVANCED ORTHOPEDICS AND SPORTS MEDICINE INSTITUTE,** | Civil Action No.:17-cv-08848 (MAS-LHG) |
| Plaintiff, | ELECTRONICALLY FILED |
| v. | |
| **ANTHEM BLUE CROSS BLUE SHIELD, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, ADMINISTRATORS, LIVE NATION ENTERTAINMENT, INC., JOHN AND JANE DOE 1-10 AND ABC CORPORATIONS 1-10,** | Motion Date: January 2, 2018 |
| | *Oral Argument Requested* |
| Defendants. | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT LIVE NATION ENTERTAINMENT, INC'S
MOTION TO DISMISS AND JOINDER IN DEFENDANT ANTHEM BLUE CROSS
LIFE AND HEALTH INSURANCE COMPANY'S MOTION TO DISMISS**

SEDGWICK, LLP
*Attorneys for Defendant*
LIVE NATION ENTERTAINMENT, INC.
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
Telephone: (973) 820-1126
Facsimile: (877) 541-3930
martin.healy@sedgwicklaw.com

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

PROCEDURAL HISTORY.........................................................................................................1

ARGUMENT................................................................................................................................1

I.     PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS AS TO LIVE NATION TO SURVIVE A MOTION TO DISMISS THE COMPLAINT AS FILED ..................................................................................................................2

II.    ERISA PREEMPTS PLAINTIFF'S CAUSES OF ACTION..............................4

III.   LIVE NATION IS NOT A FIDUCIARY SUBJECT TO ERISA .......................5

CONCLUSION............................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Ashcroft v. Iqbal*
    129 S.Ct. 1937 (2009).................................................................................................... 2

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)........................................................................................................ 2

*Curcio v. John Hancock Mut. Life Ins. Co.*
    33 F.3d 226 (3d Cir. 1994).............................................................................................. 6

*Fowler v. UPMC Shadyside*
    578 F.3d 203 (3d Cir. 2009)........................................................................................ 2, 3

*In re RCN Litig.*
    No. 04-5068 (SRC), 2006 U.S. Dist. LEXIS 12930 (D.N.J. Mar. 21, 2006) ................... 6

*Lazorko v. Pa. Hosp.*
    237 F.3d 242 (3d Cir. 2000)............................................................................................ 5

*North Jersey Brain & Spine v. Conn. Gen. Life*
    2011 U.S. Dist. LEXIS 119762 (D.N.J. Oct. 6, 2011)..................................................... 5

*Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*
    388 F.3d 393 .................................................................................................................... 5

*Phillips v. Cty. of Allegheny*
    515 F.3d 224 (3d Cir. 2008)............................................................................................ 2

*Pryzbowski v. U.S. Healthcare, Inc.*
    245 F.3d 266 (3d Cir. 2001)............................................................................................ 5

Rules and Statutes

29 U.S.C. § 514(a) ................................................................................................................. 4

29 U.S.C. § 1001, *et seq.*....................................................................................................... 4

29 U.S.C. § 1002(21)(A)........................................................................................................ 6

Federal Rules of Civil Procedure Rule 8 .............................................................................. 2

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................... 1, 2

Defendant Live Nation Entertainment, Inc. ("Live Nation") files this Motion to Dismiss and Joinder in the Motion filed by Anthem Blue Cross Live and Health Insurance Company ("Anthem") to dismiss the Complaint filed by Plaintiff Advanced Orthopedics and Sports Medicine Institute ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

Live Nation, the employer of the patient's spouse, had nothing to do with Plaintiff's alleged underpayment, and Plaintiff has not alleged any facts, specific to Live Nation, that would support the claims Plaintiff asserts against it. Plaintiff has alleged all of its counts against "defendants" without offering any plausible basis for its claim against Live Nation. As Anthem explained in its motion to dismiss, ERISA governs this action, and Plaintiff has not alleged facts that would support a finding that Live Nation could be liable to Plaintiff under ERISA. Plaintiff's complaint should be dismissed in its entirety, or at a minimum, dismissed as to Live Nation, an employer who never played any role in authorizing the patient's surgery, or determining the amount Plaintiff should be paid.

## PROCEDURAL HISTORY

As explained in Anthem's motion to dismiss, Anthem removed Plaintiff's action to this Court on October 20, 2017 on the basis of diversity jurisdiction. [Dkt. 1].

## ARGUMENT

Live Nation joins in Anthem's statements concerning the applicable law, and all of Anthem's arguments as stated in Anthem's motion to dismiss. In addition, Live Nation asserts the following grounds for dismissal of Plaintiff's claims against it.

I.  **PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS AS TO LIVE NATION TO SURVIVE A MOTION TO DISMISS THE COMPLAINT AS FILED**

Plaintiff brings this action against both Anthem, the administrator of the plan, and also against Live Nation, the employer of the patient's spouse. Plaintiff lumps these two defendants together, concluding that both are liable without alleging any facts that would show that the claim against Live Nation is plausible. Plaintiff's empty allegations merely recite the elements of its claim, and are not entitled to be assumed as true. Live Nation joins Anthem's motion to dismiss, and requests that the Court dismiss the Complaint as to Live Nation because Plaintiff has failed to allege facts that would support its current claim against Live Nation. In addition, Live Nation requests that the Court dismiss the Complaint as to Live Nation because ERISA governs the present action, and there is no possible legal basis for an ERISA claim against it.

A Plaintiff must plead more than the possibility of relief to survive a motion to dismiss. A complaint must set out sufficient factual matter to show that the claim is facially plausible. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The "plausibility" standard is "related to the requirement of a Rule 8 showing." That is, "[t]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). It is not sufficient that a complaint offer only "labels and conclusions" or "a formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Fowler,* 578 F.3d at 210. Civil Complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949; *Fowler,* 578 F.3d at 210.

When presented with a motion to dismiss under FRCP 12(b)(6), the court must (1) accept all of the Complaint's well-pleaded facts as true, but disregard legal conclusions; and (2)

determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a plausible claim for relief.  A Complaint must show entitlement to relief with facts.  *Fowler,* 578 F.3d at 211.

Plaintiff alleges that "defendants" sponsored the patient's health benefits, and that Live Nation is a "self-insured plan administered by defendants acting as authorized agent for Life [sic] Nation."  (Complaint at ¶ 16).  Plaintiff does not allege any facts that support this nonsensical and conclusory claim.  Live Nation did not administer the plan, and does not act as an "authorized agent" for itself.  Live Nation is, as Plaintiff concedes, merely the employer of the patient's spouse.

In its first count, Plaintiff alleges that "defendants" breached an implied contract with it, and that in this implied contract "defendants" agreed to pay Plaintiff a fair and reasonable amount for Plaintiff's services.  (Complaint at ¶¶ 30-33).  Live Nation never had any agreement with Plaintiff, express or implied, played no role in the dispute at hand, and Plaintiff does not allege any facts to the contrary.  Plaintiff's allegations merely recite the elements of its claim, and are conclusions rather than facts.

In its second count, Plaintiff alleges that "defendants" are obligated to pay the charges it billed for services rendered to the patient under a theory of promissory estoppel.  Plaintiff's claim is based on its bare assertion that "defendants" provided a pre-surgery authorization to it, thereby promising that Plaintiff would be paid for its services at the usual, customary, and reasonable rate.  (Complaint at ¶ 37).  Not surprisingly, Plaintiff offers no facts that would support a finding that Live Nation pre-authorized the patient's surgery, nor could it because Live Nation was merely the employer.  Live Nation played no role whatsoever in pre-authorizing the

patient's surgery, and continues to play no role in determining whether or in what amount Plaintiff should be paid.

Plaintiff also asserts a count for account stated in which it asserts that "defendants" authorized the patient's medical services, and acknowledged receipt of the bills, but paid only a small portion of the bills submitted. (Complaint at ¶ 42-43). Plaintiff also asserts a count for fraudulent inducement in which it alleges that "defendants" induced it to provide medical services by authorizing those services, but never intended to pay. (Complaint at ¶¶ 47-50). These bare assertions, wholly devoid of facts as to the alleged conduct by Live Nation as opposed to Anthem, are not sufficient to survive a motion to dismiss. Live Nation employed the patient's spouse – it never received a request for authorization of the surgery, and never received a single bill. Plaintiff's assertions are mere legal conclusions that fail to state a claim for relief that is plausible on its face.

The most outrageous count in Plaintiff's complaint is for violation of New Jersey regulations governing payment for emergency services. Plaintiff acknowledges that this statute "means that the *insurer* must pay the provider its actual billed charges," but nevertheless asserts the claim against Live Nation, which is not an insurer, but merely employed the patient's spouse. (Complaint at ¶ 54).

II.     **ERISA PREEMPTS PLAINTIFF'S CAUSES OF ACTION**

As explained in Anthem's motion to dismiss, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* preempts all of Plaintiff's state law claims. Live Nation adopts Anthem's argument that the causes of action in the Complaint are pre-empted by ERISA and further argue as follows.

ERISA's preemption provision, § 514(a), provides that ERISA supersedes "any and all State laws insofar as they relate to any employee benefit plan" the statute covers. *Lazorko v. Pa.*

4

*Hosp.*, 237 F.3d 242, 249 (3d Cir. 2000). The civil enforcement provision set forth in § 502(a)(1)(B) completely preempts a claim challenging the amount of benefits due under a plan that ERISA regulates. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 272 (3d Cir. 2001); *Lazorko,* 237 F.3d 242, 249 (3d Cir. 2000). The plan at issue is one that ERISA governs. Plaintiff challenges the amount of benefits due under that plan, bringing the present dispute squarely within the confines of ERISA. (Complaint at ¶ 26).

No legal duty supports Plaintiff's claim because Plaintiff does not allege the existence of a contract, separate from the ERISA plan itself, which gives rise to its right to payment from defendants. Unlike the plaintiff in *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan,* 388 F.3d 393, 403, Plaintiff does not allege that defendants breached a contract independent of the plan. *Pascack,* 388 F.3d at 402. Plaintiff alleges instead that it was a "non-participating or out-of-network provider[]." (Complaint at ¶ 15). Plaintiff alleges causes of action based solely on the existence of an implied-in-fact contract and the right to payment under a theory of promissory estoppel. Plaintiff admits that the patient received health benefits pursuant to an employer-sponsored health plan, and that it billed for its services pursuant to the plan coverage. (Complaint at ¶¶ 16, 23). Plaintiff's state law claims are inextricably intertwined with the interpretation and application of ERISA plan benefits. *New Jersey Brain & Spine Ctr. v. Conn. Gen. Life Ins. Co.*, Civil Action No. 10-4260 (SDW), 2011 U.S. Dist. LEXIS 119762, at *21 (D.N.J. June 30, 2011).

### III. LIVE NATION IS NOT A FIDUCIARY SUBJECT TO ERISA

Plaintiff has not alleged facts that would support a claim against Live Nation under ERISA because it has not alleged that Live Nation was acting as a fiduciary. Anthem was the only party acting as a plan administrator at the time the alleged partial payment was made, and Plaintiff has not pled facts to the contrary. Plaintiff has not alleged that Live Nation

5

misrepresented any aspect of the plan to its employees, or that Live Nation exercised discretionary authority with respect to the plan.

The court in *Curcio* cautioned that, to be liable under ERISA, an employer must maintain sufficient discretionary authority and responsibility in the administration of the plan so as to satisfy the statutory definition of a fiduciary. *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 1994) (beneficiary entitled to equitable estoppel under ERISA due to employer's misrepresentations in describing its new plan to its employees). Under that definition, a "person is a fiduciary with respect to a plan **to the extent** (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). (Emphasis added). "The phrase 'to the extent' indicates that a person is a fiduciary only with respect to those aspects of the plan over which he exercises authority or control." *In re RCN Litig.*, No. 04-5068 (SRC), 2006 U.S. Dist. LEXIS 12930, at *22 (D.N.J. Mar. 21, 2006). If an employer has no power other than to appoint the plan administrator and the trustees, "its fiduciary duty extends only to those functions." *Ibid.*

Plaintiff has not alleged any facts that would support a finding that Live Nation was a fiduciary with any discretionary authority in the administration of the plan. By asserting claims against Anthem, Plaintiff acknowledges that Anthem was the plan administrator.

In addition, Plaintiff does not allege – nor could it show – that Live Nation misrepresented any aspect of the plan to the patient. "[A]n employer can be liable under ERISA in its fiduciary capacity for making affirmative misrepresentations on breach of fiduciary duty and equitable estoppel theories." *Curcio,* 33 F.3d 233. Live Nation was not a fiduciary with

6

respect to the allegations at issue in Plaintiff's Complaint, and never made any misrepresentations to its employees.  Plaintiff has not alleged otherwise.

## CONCLUSION

Defendant Live Nation respectfully requests that the Court dismiss the Complaint in its entirety or, in the alternative, as to Live Nation, and with prejudice.

DATED:  November 27, 2017                              Respectfully submitted

By:   */s/ Martin J. Healy*
Martin J. Healy
**SEDGWICK LLP**
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
Telephone: (973) 820-1126
Facsimile: (877) 541-3930
Email: martin.healy@sedgwicklaw.com
*Attorneys for Defendant Live Nation Entertainment, Inc.*