**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED ORTHOPEDICS AND SPORTS MEDICINE INSTITUTE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHEM BLUE CROSS BLUE SHIELD, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 17-8848 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on two motions to dismiss filed by: (i) Anthem Blue Cross Life and Health Insurance Company d/b/a Anthem Blue Cross Blue Shield ("Anthem")[1] (ECF No. 6); and (ii) Live Nation Entertainment, Inc. ("Live Nation") (ECF No. 7) (collectively, "Defendants"). Advanced Orthopedics and Sports Medicine Institute ("Plaintiff") filed opposition (ECF No. 17), and Defendants replied (ECF Nos. 19, 20).

This dispute is between a non-participating or out-of-network healthcare provider (Compl. ¶ 15, ECF No. 1-1) and (i) a patient's insurer, and (ii) the employer of the patient's spouse, through whom the patient received benefits, that acted as plan sponsor and/or administrator for the employee health welfare plan (*id.* ¶¶ 5, 16). A doctor and physician's assistant employed by Plaintiff performed surgery on a patient, M.S., resulting in a disagreement regarding amounts paid by Anthem. (*Id.* ¶¶ 17-28.) Plaintiff filed suit on August 28, 2017 in the Superior Court of New

---

[1] Although "Anthem Blue Cross Blue Shield" and "Anthem Blue Cross Life and Health Insurance Company" are separately named in the Complaint and on the docket, based on the Notice of Removal, this is actually the same entity, "Defendant Anthem Blue Cross Life and Health Insurance Company d/b/a Anthem Blue Cross Blue Shield." (Notice of Removal, ECF No. 1.)

Jersey, Law Division, Monmouth County, through a six-count Complaint against Defendants, alleging: (i) breach of contract; (ii) promissory estoppel; (iii) account stated; (iv) fraudulent inducement; and (v) violation of the New Jersey regulations governing payment for emergency services rendered by an out-of-network provider. (*See generally id.* ¶¶ 29-58.) Anthem, with Live Nation's consent, removed the matter to this Court (Notice of Removal ¶¶ 6-7), citing both federal question jurisdiction—that any state law claims are preempted by the Employee Retirement Income Security Act ("ERISA") (*id.* ¶¶ 11-23)—and diversity jurisdiction (*id.* ¶¶ 24-28).

"Federal Rule of Civil Procedure 81 provides that the Federal Rules of Civil Procedure 'apply to a civil action after it is removed from a state court.'" *Olmo v. Atl. City Parasail, LLC*, No. 13-4923, 2016 WL 1704365, at *5 (D.N.J. Apr. 28, 2016) (quoting Fed. R. Civ. P. 81(c)(1)); *Frederico v. Home Depot*, No. 05-5579, 2006 WL 624901, at *2 n.4 (D.N.J. Mar. 10, 2006) (noting that the Federal Rules of Civil Procedure, rather than the New Jersey Rules Governing Civil Procedure, governed the plaintiff's complaint, which was originally filed in state court and removed to federal court), *aff'd*, 507 F.3d 188 (3d Cir. 2007); *Lin v. Chase Card Servs.*, No. 09-5938, 2010 WL 1265185, at *2 n.2 (D.N.J. Mar. 26, 2010) (holding that Rule 8(a)'s pleading requirements apply to a complaint originally filed in state court and subsequently removed to federal court)). Before the Court considers the preemption issue and given that it appears the matter will remain in this Court regardless of whether the claims proceed under ERISA or state law, the Court requires Plaintiff to re-plead its claims and include sufficient facts to meet the requirements of Federal Rule of Civil Procedure 8(a). *See* Fed. R. Civ. P. 81 (c)(2) ("After removal, repleading is unnecessary unless the court orders it.").[2] Accordingly,

---

[2] *See Garrick Cox MD, LLC v. Cigna Healthcare*, No. 16-4611, 2016 WL 6877778, at *4 (D.N.J. Oct. 27, 2016) (R. & R. adopted and remanded by *Garrick Cox MD, LLC v. CIGNA Healthcare*, No. 16-4611, 2016 U.S. Dist. LEXIS 160853 (D.N.J. Nov. 21, 2016)) (noting that allegations in a

**IT IS** on this 18th day of May 2018, **ORDERED** that:

1. Defendants' motions to dismiss (ECF Nos. 6, 7) are **GRANTED**.

2. Plaintiff's Complaint is dismissed without prejudice. Plaintiff shall have until **June 18, 2018** to file an Amended Complaint. If Plaintiff fails to timely file an Amended Complaint, the Complaint will be dismissed with prejudice.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

complaint were "somewhat sparse (as it was filed in accordance with non-federal pleading standards while in state court")."