## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ADVANCED ORTHOPEDICS AND SPORTS MEDICINE INSTITUTE, | |
| Plaintiff, | Civil Action No. 17-8848 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Anthem Blue Cross Life and Health Insurance Company's ("Anthem") and Live Nation Entertainment, Inc.'s ("Live Nation") (collectively, "Defendants") Motion to Dismiss. (ECF No. 27.) Plaintiff Advanced Orthopedics and Sports Medicine Institute ("Plaintiff") opposed (ECF No. 28), and Defendants replied (ECF No. 29). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## I.    Background[1]

Plaintiff is a healthcare services provider in the Township of Freehold, New Jersey. (Am. Compl. ¶ 1, ECF No. 22.) On April 29, 2015, Plaintiff provided emergency surgery to M.S.[2] (*Id.* ¶¶ 15-17.)

---

[1] For the purpose of the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] M.S. is the pseudonym of Plaintiff's patient.

Prior to the surgery, the hospital where the surgery was conducted "obtained authorization for the admission of [M.S.] through the emergency room department." (*Id.* ¶ 18.) Plaintiff billed Defendants $93,945.00 for the surgery, and Defendants paid Plaintiff $2,586.64. (*Id.* ¶¶ 21-22.)

On August 28, 2017, Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey, Monmouth County, Law Division (the "State Court Action"). (*See* Not. of Removal, Ex. A., ECF No. 1-1.) On October 20, 2017, Anthem removed the State Court Action to this Court pursuant to 28 U.S.C. § 1446. (Not. of Removal 2, ECF No. 1.) Anthem argued that because Section 502 of the Employee Retirement Income Security Act ("ERISA") ("ERISA Section 502") preempted all of Plaintiff's claims, this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331. (*Id.* at 4.) Anthem also argued that this Court has subject matter jurisdiction over this matter pursuant to the diversity jurisdiction provision in 28 U.S.C. § 1332. (*Id.* at 11.)

On May 18, 2018, the Court granted Anthem's and Live Nation's respective Motions to Dismiss (ECF Nos. 6, 7) and dismissed Plaintiff's Complaint without prejudice. (Mem. Order. 2, ECF No. 21.) The Court granted leave for "Plaintiff to re-plead its claims and include sufficient facts to meet the requirements of Federal Rule of Civil Procedure 8(a)." (*Id.*) On June 18, 2018, Plaintiff filed an Amended Complaint alleging (i) *Quantum Meruit*; (ii) Failure to Make All Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(b); (iii) Breach of Fiduciary Duty and Co-Fiduciary Duty Under 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), 1105(a); and (iv) Failure to Establish/Maintain Reasonable Claims Procedures Under 29 C.F.R. § 2560.503-1. (Am. Compl. ¶¶ 31, 41, 51, 61.) On July 30, 2018, Defendants filed a Motion to Dismiss the Amended

Complaint pursuant to Rule 12(b)(1)[3] and Rule 12(b)(6).  (Mot. to Dismiss, ECF No. 27.)

Defendants also seek attorneys' fees and costs. (Defs.' Moving Br. 33, ECF No. 27-5.)

## II.  Legal Standard

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*  The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d

---

[3] All references to a "Rule" herein are references to the Federal Rules of Civil Procedure.

1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either

"attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction[.]"

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The former is a

"facial" challenge, while the latter is a "factual" challenge. A facial challenge asserts that "the

complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction."

*Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). When considering a facial

challenge, the Court construes the allegations in the complaint as true and determines whether

subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891. A factual challenge, in contrast,

"attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the

defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261,

268 (3d Cir. 2016). When considering a factual challenge, the Court may "weigh the evidence and

satisfy itself as to the existence of its power to hear the case" and "the plaintiff [bears] the burden

of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d

Cir. 2006) (quoting *Mortensen*, 549 F.2d at 891). "[A] 12(b)(1) factual challenge strips the plaintiff

of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836

F.3d at 268.

## III.  Discussion

### A.  Counts II, III, and IV are Dismissed

Defendants' primary argument[4] attacks Plaintiff's standing to bring claims under ERISA.

Specifically, Defendants assert that M.S.'s health benefits plan (the "Plan") contains an

---

[4] Defendants advance at least seven arguments in support of dismissal, but the Court will only address the two dispositive arguments.

anti-assignment provision ("AAP")[5] that prevents Plaintiff from asserting derivative standing and "any assignment of benefits is legally unenforceable and void." (Defs.' Moving Br. 12.) Based on the AAP, Defendants seek dismissal of all of Plaintiff's claims, including the *quantum meruit* claim. (*Id.* at 14.) Defendants also argue that the Amended Complaint does not sufficiently "allege enough facts to detail the contents and scope of the assignment [Plaintiff] purports to hold." (*Id.*) Defendants view the lack of details in the Amended Complaint regarding the assignment as "an attempt to avoid dismissal of Counts Three and Four in the Amended Complaint due to insufficient language in the assignment." (*Id.* at 15.)

Plaintiff advances several arguments in opposition to Defendants' standing argument. First, Plaintiff argues that an AAP must be a "unambiguous term" of a health insurance plan to be enforceable. (Pl.'s Opp'n Br. 2, ECF No. 28.) Plaintiff asserts that the AAP in the Plan is ambiguous and "not ripe to be decided on a Motion to Dismiss." (*Id.* at 3.) Second, Plaintiff asserts that the AAP in the Plan only prevents the assignment of "benefits," a term that is undefined in the Plan. (*Id.*) Plaintiff asserts that it "has been assigned [M.S.'s] rights to enforce the terms of the plan." (*Id.* at 2.) Finally, Plaintiff asserts that the Amended Complaint "clearly identifies that [M.S.] has assigned the rights under the Plan to Plaintiff." (*Id.* at 4 (citing to Am. Compl. ¶¶ 8, 35).) Plaintiff also argues that Defendants previously had knowledge of the assignment of rights because Plaintiff previously submitted a copy of the assignment to Defendants as part of an appeal. (*Id.*) Plaintiff's opposition brief includes a copy of the Assignment of Benefits form. (Pl.'s Opp'n Br., Ex. A., ECF No. 28-1.)

---

[5] The AAP reads as follows: "**Benefits Not Transferable.** Only the *member* is entitled to receive benefits under this *plan.* The right to benefits cannot be transferred." (Defs.' Moving Br., Ex. C 90, ECF No. 27-4 (emphasis in original).)

5

Defendants rebut Plaintiff's arguments on three grounds. First, Defendants argue that Plaintiff "incorrectly claims that the anti-assignment language in the Plan is ambiguous" without proffering an alternative explanation and without legal authority to support the claim of ambiguity. (Defs.' Reply Br. 4, ECF No. 29.) Defendants also argue that two other district courts have found that identical language is "unambiguous and enforceable." (*Id.* (citing *Angstadt v. Empire HealthChoice HMO, Inc.*, No. 15-1823, 2017 U.S. Dist. LEXIS 40406, at \*14 (E.D.N.Y. Mar. 16, 2017); *Ctr. for Orthopedics & Sports Med. v. Anthem Blue Cross Life & Health Ins. Co. (COSM)*, No. 16-8876, 2018 WL 1440325, at \*7-10 (D.N.J. Mar. 22, 2018)).) Second, Defendants argue that Plaintiff's attempts to distinguish between seeking benefits under the Plan and asserting M.S.'s rights under the Plan are undermined by Plaintiff's statement that "Plaintiff has standing to seek. . . . relief based on the assignment of benefits obtained by Plaintiff from Patient." (*Id.* at 5 (citing Am. Compl. ¶ 35).) Finally, interpreting Plaintiff's opposition to include an argument that Defendants waived their ability to object to the assignment of benefits, Defendants argue providing an appeals process prior to litigation does not waive the ability to enforce an AAP. (*Id.* at 6 (citing *Middlesex Surgery Ctr. v. Horizon*, No. 13-112, 2013 WL 775536, at \*4 (D.N.J. Feb. 28, 2013)).)

The Court agrees with Defendants regarding the enforceability of the AAP. The Third Circuit recently held "that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018). Plaintiff's argument that the instant AAP is ambiguous is unpersuasive. "The determination of whether a term[, in an ERISA benefits plan,] is ambiguous is a question of law[,]" and "[a] term is ambiguous if it is subject to reasonable alternative interpretations." *Taylor v. Cont'l Grp. Change in Control Severance Pay Plan*, 933 F.2d 1227, 1232 (3d Cir. 1991) (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1011

(3d Cir. 1980)). Plaintiff has not proffered a reasonable alternative interpretation of the AAP in the Plan, and the Court cannot identify one. The Court, accordingly, joins the other district courts that have interpreted a similar AAP, and finds that the AAP in the Plan is unambiguous and enforceable. *See COSM*, 2018 WL 1440325, at *3 (interpreting an idential AAP); *Angstadt*, 2017 U.S. Dist. LEXIS 40406, at *14 (same); *Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, No. 15-0736, 2016 U.S. Dist. LEXIS 162166, at *106-08 (C.D. Cal. Nov. 22, 2016) (interpreting the same AAP and dismissing ERISA claims); *Quaresma v. BC Life & Health Ins. Co.*, 623 F. Supp. 2d 1110, 1129 (E.D. Cal. 2007) (interpreting a similar AAP and dismissing a healthcare provider's claims because of the provider's lack of standing to assert the claims).

Plaintiff's attempt to distinguish between "rights" and "benefits" fails because Plaintiff has not identified any portion of the Plan that bifurcates M.S.'s "rights" and "benefits" under the Plan. Nor has Plaintiff identified any legal authority to support this argument. When the Third Circuit held that healthcare providers could gain derivative standing to sue through assignments, it recognized that the "right to payment logically entails the right to sue for non-payment." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015). The Court declines to separate the right to payment under an ERISA benefits plan and other unidentified rights under the same. Moreover, Plaintiff's argument is undermined by Plaintiff's assertion that "Plaintiff has standing to seek [the relief sought in the Amended Complaint] based on the assignment of benefits obtained by Plaintiff[] from [M.S.,]" and that "Plaintiff is entitled to recover benefits due to [M.S.] under any applicable ERISA Plan and Policy." (Am. Compl. ¶¶ 35, 37.)

Finally, Plaintiff has failed to establish that Defendants have waived their right to enforce the AAP. Plaintiff provides no legal authority to support the assertion that Plaintiff's filing of an appeal pursuant to the appeals process outlined in the Plan is a waiver of Defendants' rights. The

Third Circuit previously rejected a similar argument and held that the "routine processing of a claim form, issuing payment at the out-of-network rate, and summarily denying the informal appeal do not demonstrate 'an evident purpose to surrender' an objection to a provider's standing in a federal lawsuit." *Am. Orthopedic & Sports Med.*, 890 F.3d at 454. Here, Plaintiff has failed to establish that Defendants' conduct waived Defendants' ability to enforce the AAP in the Plan.

In sum, the Plan contains a valid and enforceable AAP and M.S.'s assignment of benefits to Plaintiff was invalid. Plaintiff, accordingly, does not have standing to assert claims under the Plan. As a result, Counts II, III, and IV are dismissed.

**B.    Plaintiff's *Quantum Meruit* Claim is Dismissed**

Plaintiff's *quantum meruit* claim is not based on an assignment of benefits from M.S. to Plaintiff,[6] but nonetheless, it is subject to dismissal. Under New Jersey law, to state a claim for *quantum meruit*, Plaintiff must establish four elements: "(1) the performance of services in good faith; (2) the acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation therefore; and (4) the reasonable value of the services." *Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.* (*Broad Street*), No. 11-2775, 2012 WL 762498, at *8 (D.N.J. Mar. 6, 2012) (quoting *Sean Wood, L.L.C. v. Hegarty Grp., Inc.*, 29 A.3d 1066, 1073-74 (N.J. Super. Ct. App. Div. 2011)). Plaintiff must also establish that the benefit conferred by Plaintiff was

---

[6] The Amended Complaint makes clear that Counts II, III, and IV, are based on "the assignment of benefits obtained by Plaintiff from" M.S., while Count I does not rely on the assignment. (*Compare* Am. Compl. ¶¶ 25-31 *with* Am. Compl. ¶¶ 35, 42, 52.)

conferred upon Defendants. *Id.* Here, Plaintiff's *quantum meruit* claim is subject to dismissal because the benefit at issue was conferred upon M.S., not Defendants.

## C.     Plaintiff's Request for Remand is Denied

Plaintiff's opposition concludes with the following statement: "This court lacks subject matter jurisdiction, and therefore this matter should be remanded back to state court." (Pl.'s Opp'n Br. 15.) This was preceded by a lengthy discussion of complete preemption under ERISA Section 502. While Plaintiff acknowledges the differences between complete and express preemption,[7] Plaintiff nonetheless advances arguments regarding complete preemption. However, complete preemption and the Court's subject matter jurisdiction are not at issue here because (i) Anthem's removal of the action from state court was based on diversity jurisdiction and federal question jurisdiction, and (ii) Plaintiff's Amended Complaint asserts three causes of action arising under federal law. As result of Plaintiff asserting three causes of action pursuant to ERISA, the Court has original jurisdiction over the matter. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 298 (3d Cir. 2005) (holding that "the District Court properly acquired subject matter jurisdiction by virtue of the amended complaint[,]" that asserted federal claims.) The Court, accordingly, denies Plaintiff's request for remand.

## D.     Defendants' Request for Attorneys' Fees is Denied

Defendants seek attorneys' fees and costs arguing that the Amended Complaint was filed "to stall the inevitable dismissal of this case and drive up costs for Defendants," and that Plaintiff

---

[7] Express preemption under ERISA Section 514(a) and complete preemption under ERISA Section 502 are two distinct concepts and the difference is important. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995). "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." *Id.*

failed to follow this Court's order and proceeded under previously rejected theories. (Defs.'

Moving Br. 33.) ERISA Section 502(g)(1) provides, "[i]n any action under this subchapter . . . by

*a participant, beneficiary, or fiduciary*, the court in its discretion may allow a reasonable attorneys'

fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (emphasis added). When

determining whether to award attorneys' fees and costs, the Court considers:

> (1) the offending parties' culpability or bad faith; (2) the ability of the offending
> parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of
> attorneys' fees against the offending parties; (4) the benefit conferred on members
> of the pension plan as a whole; and (5) the relative merits of the parties' position.

*Einhorn v. M.L. Ruberton Const. Co.*, 720 F. Supp. 2d 639, 641-42 (D.N.J. 2010) (citing *Ursic v.

Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir.1983)). "The Court must weigh the totality of the

factors; the absence of any one factor is not dispositive." *Id.*

Assuming this matter is one in which ERISA Section 502(g)(1) applies,[8] under the totality

of the circumstances, the Court concludes that an award of attorneys' fees and costs is

inappropriate. Unlike the parties in the cases cited by Defendants, Plaintiff is not a "prolific" filer

of boilerplate lawsuits. Indeed, the Court can only identify two other lawsuits in this district in

which Plaintiff is a named party. *See Advanced Orthopedics and Sports Med. Inst. v. Horizon Blue

Cross Blue Shield (AOSM)*, No. 17-11807 (D.N.J. July 31, 2018); *Goldberg v. Schindler Elevator

Corp.*, No. 17-07147 (D.N.J. Sep. 6, 2018). In those matters, Plaintiff succeeded in having

factually similar matters, which proceeded on different legal theories, remanded to state court. *See

AOSM*, 2018 WL 3630131, at \*1 (D.N.J. July 31, 2018); *Goldberg*, Order, ECF No. 18. Thus, an

---

[8] ERISA Section 502(g)(1) limits the award of attorneys' fees and costs to suits brought by a
"participant, beneficiary, or fiduciary," and Plaintiff is neither a participant, beneficiary, or
fiduciary, as defined in ERISA. Thus, the plain language of the statute appears to preclude this
matter from being one in which ERISA Section 502(g)(1) would apply.

award of attorneys' fees would serve no deterrent effect on Plaintiff. The Court, accordingly, denies Defendants' request for attorneys' fees and costs.

## IV.    Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is granted, Defendants' request for attorneys' fees and costs is denied, and Plaintiff's request for remand is denied. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**